UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

GLORIET BROWN,

       Plaintiff,

v.                                                Case No. 8:16-cv-3057-T-AEP

HILLSBOROUGH COUNTY SCHOOL
BOARD,

       Defendant.
                                         /

## ORDER

Plaintiff Gloriet Brown ("Brown") brought this action asserting claims against Defendant Hillsborough County School Board, which is more properly identified as "The School Board of Hillsborough County, Florida" (the "School Board")[1] (Doc. 1). Upon consideration of Brown's Complaint (Doc. 1) and initial request to proceed *in forma pauperis* (Doc. 2), the Court instructed Brown to file an amended complaint, given some noted deficiencies with her Complaint. Brown subsequently filed her Amended Complaint (Doc. 8), attaching a copy of the Dismissal and Notice of Rights form (the "right-to-sue letter") that Brown received from the Equal Employment Opportunity Commission ("EEOC") and providing the Charge of Discrimination against the School Board (Doc. 11), in which she alleged that the School Board retaliated against her in violation of Title VII of the Civil Rights Act of 1984 ("Title VII"), as amended. Following the filing of the Amended Complaint, the School Board submitted its Motion to Dismiss (Doc. 17). By the Motion to Dismiss, the School Board seeks to dismiss the Amended Complaint, with prejudice, arguing that the Amended

---

[1] *See* Fla. Stat. § 1001.40.

Complaint suffers from several pleading deficiencies, Brown failed to timely file her Complaint within the statutorily required 90-day period after receipt of the right-to-sue letter from the EEOC, Brown failed to exhaust her administrative remedies, and Brown's retaliation claim is substantively flawed because she failed to engage in protected activity under Title VII. Brown responded in opposition (Docs. 20-22). For the reasons that follow, the Motion to Dismiss (Doc. 17) is granted.[2]

## I.  Background

Brown worked as a teacher for the Hillsborough County School District for 21 years (Doc. 11, at 3).[3] In or around August 2010, Brown commented to her former principal, Susan Raburn ("Raburn"), that they should assist a black student who allegedly sat in a corner of a classroom for approximately three weeks with a poster board in his face (Doc. 8, at 2; Doc. 11, at 3). According to Brown, as a result of that comment, Raburn gave Brown a negative reference (Doc. 11, at 3). Following that, Brown sought to be rehired as a teacher and was alerted at some point in 2014 that she was not recommended for rehire based upon her low scores and Raburn's reference (Doc. 8, at 3). After receiving that information, in August 2015, Brown submitted several letters to each School Board Member requesting review of her record, including 21 years of evaluations (Doc. 8, at 3). Brown alleges that she was told that the School Board placed her application on active status that same week and removed the reference from her personnel records (Doc. 8, at 3). Brown asserts that she was never granted "Highly Qualified Status," a distinction she claims she needed so that she could work in other counties

---

[2] The parties have consented to proceed before the undersigned pursuant to 28 U.S.C. § 636 (Doc. 29).

[3] All facts are taken from Brown's Amended Complaint and the accompanying exhibits filed by Brown in support of the allegations in the Amended Complaint (Docs. 8 & 11).

and work as more than just a substitute teacher, based on the negative reference, and that the negative reference was never actually removed from her personnel records (Doc. 8, at 4).

In September 2015, Brown filed a Charge of Discrimination with the EEOC, alleging the School Board retaliated against her for participating in protected activity in violation of Title VII (Doc. 11, at 3). Brown alleged that the violation constituted a continuing action, with the earliest instance occurring in August 2010 and continuing through August 2015 (Doc. 11, at 3). She cited the comment she made to Raburn in 2010 as the basis for the negative reference and the beginning of the purported retaliation (Doc. 11, at 3). Brown further alleged that she had not been able to be rehired since the reference, and School Board employees refused to provide her with the "Highly Qualified" rating so that she could work in other counties (Doc. 11, at 3).

On July 26, 2016, the EEOC issued a right-to-sue letter to Brown (Doc. 8-1). In the letter, the EEOC notified Brown that it was closing its file on her charge because, based upon its investigation, the EEOC was unable to conclude that the information obtained established violations of the statute (Doc. 8-1). The letter also informed Brown that she must file a lawsuit within 90 days of her receipt of the notice or he right to sue on this charge would be lost (Doc. 8-1).

Subsequently, on October 31, 2016, Brown filed her Complaint (Doc. 1), seeking to assert claims for discrimination and "failure to protect Plaintiff from 'Whistle Blower" []Protecting [*sic*] a child" against the School Board. Upon consideration of the Complaint and Brown's Affidavit of Indigency, which the Court construed as a request to proceed *in forma pauperis*, the Court denied the request. In doing so, the Court noted several deficiencies with Brown's Complaint, including the failure to specify the basis for the Court's jurisdiction, to provide information regarding whether she exhausted her administrative remedies, and to indicate what relief she sought (Doc. 5). As a result, the Court denied without prejudice

Brown's request to proceed *in forma pauperis* and permitted Brown to file an amended complaint to correct the noted deficiencies and to renew her request to proceed *in forma pauperis*.

Brown subsequently filed her Amended Complaint (Doc. 8), in which she again sought to assert claims for discrimination and retaliation against the School Board. In addition, she attached the right-to-sue letter from the EEOC (Doc. 8-1) and subsequently filed a number of exhibits, including her EEOC Charge of Discrimination against the School Board, which indicated that she alleged retaliation for her participation in a protected activity under Title VII (Doc. 11). In response, the School Board submitted its Motion to Dismiss (Doc. 17), in which it argues that Plaintiff's claims should be dismissed with prejudice. Namely, the School Board contends that the Amended Complaint suffers from several pleading deficiencies, Brown failed to timely initiate this action within the statutorily required 90-day period after receipt of a right-to-sue letter from the EEOC, Brown failed to exhaust her administrative remedies, and Brown's retaliation claim is substantively flawed because she failed to engage in protected activity, as required for a claim of retaliation under Title VII. Brown opposes the motion, arguing that she corrected any pleading deficiencies, timely instituted both the EEOC proceedings and the instant action, and stated a viable cause of action.[4]

## II.   Standard of Review

In considering a motion to dismiss under Rule 12(b)(6), Federal Rules of Civil Procedure, the court views the complaint in the light most favorable to the plaintiff and accepts

---

[4] Without seeking leave of Court, Brown filed three separate responses, in violation of the Local Rules. *See* M.D. Fla. R. 3.01(b) ("Each party opposing a motion or application shall file within fourteen (14) days after service of the motion or application a response that includes a memorandum of legal authority in opposition to the request, all of which the respondent shall include in a document not more than twenty (20) pages."). Notwithstanding, the Court will consider all of Brown's responses collectively.

as true all of the factual allegations contained therein. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citations omitted); *Hill v. White*, 321 F.3d 1334, 1335 (11th Cir. 2003) (*per curiam*) (citation omitted). A complaint must contain a short and plain statement of the claim showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2). The plaintiff must plead "enough facts to state a claim to relief that is plausible on its face[,]" however. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Indeed, although a complaint challenged by a Rule 12(b)(6) motion to dismiss need not contain detailed factual allegations, a plaintiff must provide the grounds for his or her entitlement to relief, and "a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555 (citations omitted). The court must be able to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). Accordingly, only a complaint that states a plausible claim for relief will survive a motion to dismiss. *See id.* at 679.

### III. Discussion

#### A. Pleading Deficiencies

Initially, the School Board argues that Brown failed to rectify the pleading deficiencies noted by the Court in the November 2016 Order denying without prejudice Brown's request to proceed *in forma pauperis* (Doc. 5). As the School Board acknowledges, however, in reviewing a complaint, courts hold *pro se* pleadings to a less stringent standard and therefore construe the complaint more liberally. *Tannenbaum v. U.S.*, 148 F.3d 1262, 1263 (11th Cir. 1998) (*per curiam*) ("*Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed."). Construing broadly the Amended Complaint and the accompanying exhibits, including the Charge of Discrimination and the right-to-sue letter, the Court can ascertain that Brown seeks to assert a claim for retaliation under Title VII against the School Board and that she pursued her administrative remedies with

respect to the retaliation claim with the EEOC prior to filing suit.[5] Accordingly, Brown remedied the first two noted deficiencies – namely, she established the basis for the Court's jurisdiction and demonstrated that she exhausted her administrative remedies.

With respect to her request for relief, however, Brown failed to include anything in her Amended Complaint regarding the relief sought, such as an award of compensatory or punitive damages or reinstatement. Such a deficiency would normally warrant amendment or supplementation, but, given the findings below, amendment would prove futile. *Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001) ("A district court need not, however, allow an amendment (1) where there has been undue delay, bad faith, dilatory motive, or repeated failure to cure deficiencies by amendments previously allowed; (2) where allowing amendment would cause undue prejudice to the opposing party; or (3) where amendment would be futile."). Accordingly, although the Court appreciates Brown's attempt to comply with its Order and rectify the noted deficiencies, as explained below, Brown failed to allege a cognizable retaliation claim pursuant to Title VII, and her claims thus are dismissed with prejudice.

### B. Timeliness

The School Board next argues that Brown's retaliation claim is barred for failing to timely initiate this action in federal court upon receipt of the right-to-sue letter. In support, the School Board argues that, since the right-to-sue letter was issued on July 26, 2016, Brown can be presumed to have received the letter three days after it was mailed, or on July 29, 2016. *See Kerr v. McDonald's Corp.*, 427 F.3d 947, 953 n.9 (11th Cir. 2005) (noting that, when the date

---

[5] Brown states in her Amended Complaint that she suffered discrimination, retaliation, and numerous other violations by Raburn, but nothing in the Amended Complaint supports any claim of discrimination (Doc. 8). Likewise, Brown's Charge of Discrimination only asserts a claim for retaliation and does not provide any allegations relating to a claim of discrimination (Doc. 11, at 3). As a result, the only claim at issue is the retaliation claim pursuant to Title VII.

of receipt is in dispute, the Eleventh Circuit has applied a presumption of three days for receipt by mail, akin to the time period established in Rule 6, Federal Rule of Civil Procedure). The School Board therefore contends that Brown's initiation of this action on October 31, 2016, fell beyond the 90-day limitations period, which expired on October 27, 2016.

In response, Brown asserts that she did not receive the right-to-sue letter until August 4, 2016 (Doc. 20, at 5). To support that assertion, Brown provided a copy of tracking information from the United States Postal Service ("USPS") for a parcel shipped on August 2, 2016, and delivered on August 4, 2016 (Doc. 20, at 12).[6] The tracking information does not specifically identify the parcel shipped, but it indicates that notice was left on August 3, 2016, at a Lakeland address but that no authorized recipient was available (Doc. 20, at 12). The tracking information then indicates that the parcel was received on August 4, 2016, at 10:25 a.m. to presumably the same location in Lakeland, Florida (Doc. 20, at 12).

In considering the timeliness of the receipt of a right-to-sue letter, the Eleventh Circuit indicated:

> [A] plaintiff is entitled to a reasonable time to pick up the letter upon receipt of a notice of delivery and [we] therefore conclude that a three-day period, analogous to the federal rule governing time for taking action after service by mail, *see* Fed.R.Civ.P. 6(e), provides an appropriate period for a plaintiff to act to receive an unsuccessfully delivered letter. Providing a three-day period also provides a clear rule that will enable parties to be aware of when they must act or forfeit their right to sue

*Zillyette v. Capital One Fin. Corp.,* 179 F.3d 1337, 1340 (11th Cir. 1999). In this instance, the tracking information indicates that notice was left on August 3, 2016, and the parcel was then delivered on August 4, 2016, or within the three-day period from the date of the notice from the

---

[6] Interestingly, the parcel's USPS origin facility was located in Sarasota, Florida (Doc. 20, at 12), yet the right-to-sue letter originated from the EEOC's Tampa Field Office, located in Tampa, Florida (Doc. 8-1). In construing the facts in the light most favorable to Brown, the Court will accept Brown's assertion that this tracking information pertains to the right-to-sue letter from the EEOC.

USPS (Doc. 20, at 12). Viewing the facts in the light most favorable to Brown, therefore, the Court concludes that she received the right-to-sue letter on August 4, 2016, thereby requiring her to initiate legal proceedings on or before November 2, 2016, or 90 days from August 4, 2016. Given that Brown filed her Complaint on October 31, 2016, her Complaint was not untimely, and this action should not be dismissed on that basis. As discussed below, however, the allegations in her Amended Complaint do not establish a violation for retaliation under Title VII, and her claims are therefore dismissed on that basis.

### C. Failure to State a Claim

Most notably, the School Board contends that Brown failed to state a claim for retaliation under Title VII because her claim is not based on protected activity. Title VII prohibits an employer from retaliating against an employee for engaging in protected activity, *i.e.*, for his or her opposition to an unlawful employment practice, his or her filing of a charge or complaint under Title VII, or his or her participation in an investigation, proceeding, or hearing under Title VII. 42 U.S.C. § 2000e-3(a). In the absence of direct evidence of retaliation, a plaintiff must demonstrate a *prima facie* case of retaliation by showing that he or she engaged in protected activity, he or she suffered a materially adverse employment action, and some causal connection exists between the protected activity and the materially adverse employment action. *See Goldsmith v. Bagby Elevator Co., Inc.*, 513 F.3d 1261, 1277 (11th Cir. 2008).

As the School Board contends, Brown cannot establish the first element of her *prima facie* case because the action upon which Brown alleges the purported retaliation stemmed did not constitute an employment practice. Rather, Brown alleged that she opposed a practice concerning a student, who is, by definition, not an employee. Indeed, in the Amended Complaint and her responses to the instant motion, Brown consistently asserts that she suffered

8

retaliation for reporting a perceived wrong being done to a minority student (*see, e.g.*, Doc. 8, at 2-3; Doc. 20, at 2). Such conduct is not protected under Title VII, as it does not involve an employment action. *See Bonds v. Leavitt*, 629 F.3d 369, 384 (4th Cir. 2011) ("Title VII is not a general bad acts statute, however, and it does not prohibit private employers from retaliating against an employee based on her opposition to discriminatory practices that are outside the scope of Title VII."); *Wimmer v. Suffolk Cty. Police Dep't*, 176 F.3d 125, 135 (2d Cir. 1999) ("In the case at bar, … Wimmer presented evidence that certain members of the Department had acted in a discriminatory manner toward the public. He offered no evidence, however, that there was unlawful discrimination with respect to the terms and conditions of employment within the Department. In fact, Wimmer testified that he never heard a racial epithet directed toward himself or any other member of the Department during his employment. In the absence of such evidence, Wimmer's claim of retaliation is not cognizable under Title VII because his opposition was not directed at an unlawful *employment practice* of his employer.") (emphasis in original); *Artis v. Francis Howell N. Band Booster Ass'n, Inc.*, 161 F.3d 1178, 1183 (8th Cir. 1998) ("[O]pposing an employer's actions outside the ambit of an employment practice is unprotected by Title VII. … Though Artis also objected to the harassment he received personally, he only claimed he was retaliated against for opposing the disparate treatment of the students. Thus, Artis's retaliation claim based on discrimination toward students does not meet the first prong of a Title VII prima facie case."); *Evans v. Kansas City, Mo. Sch. Dist.*, 65 F.3d 98, 100-01 (8th Cir. 1995) (finding that an employee could not establish a violation of Title VII where the employee complained of the school's responsibility to its black student population in conjunction with a desegregation directive because such complaint did not relate to or involve an employment practice but rather to concerns about the school's responsibility to the student body); *Silver v. KCA, Inc.*, 586 F.2d 138, 141 (9th Cir. 1978) ("The specific evil at

which Title VII was directed was not the eradication of all discrimination by private individuals, undesirable though that is, but the eradication of discrimination by employers against employees. … Were we to follow Silver's argument, however, and extend the protection of the statute to the situation in which no employment practice of an employer was involved, but only an isolated incident between co-workers, we would clearly exceed the intent of Congress and the plain language of the statute."); *Denham v. Saks, Inc.*, No. 07 C 694, 2008 WL 2952308, at *6-7 (N.D. Ill. July 30, 2008) (finding that an asset protection investigator's opposition to purported racial profiling of customers by sales associates did not concern an employment practice and thus was not protected under Title VII). Given that Brown premised her entire retaliation claim upon her complaints regarding actions directed at a student, not an employee, she cannot establish the first element of her *prima facie* case, and her claim fails as a matter of law.[7] *See, e.g., Artis*, 161 F.3d at 1182-83. As amendment would prove futile, given the lack of any purported protected activity, Brown's Amended Complaint (Doc. 8) is dismissed with prejudice. *See Bryant*, 252 F.3d at 1163.

### IV. Conclusion

For the foregoing reasons, it is hereby

ORDERED:

1. The School Board's Motion to Dismiss (Doc. 17) is GRANTED.

2. Brown's Amended Complaint (Doc. 8) is DISMISSED WITH PREJUDICE.

---

[7] Brown's retaliation claim can likewise be dismissed as untimely based upon the failure to timely file her Charge of Discrimination with the EEOC within 300 days of the alleged retaliatory incident, as the incident occurred in 2010 and Brown did not file her Charge until 2015 (Doc. 11, at 3). *See EEOC v. Joe's Stone Crabs, Inc.*, 296 F.3d 1265, 1271 (11th Cir. 2002) ("Accordingly, only those claims arising within 300 days prior to the filing of the EEOC's discrimination charge are actionable.").

3. The Clerk is directed to enter judgment in favor of the School Board and close the case.

DONE AND ORDERED in Tampa, Florida, on this 5th day of March, 2018.

ANTHONY E. PORCELLI
United States Magistrate Judge

cc:   Counsel of Record
      Plaintiff, *pro se*